### FRANK BROKL v. JOSEPH BROKL AND ANOTHER.[1]

June 9, 1916.

Nos. 19,687—(89).

**Partition—decree to convey homestead void.**

In an action brought against the husband alone, the wife not being a party, the court entered judgment directing the defendant and his wife to convey to plaintiff an undivided half interest in land the title to which was in defendant and which was the homestead of defendant and his wife, adjudging that in case of failure to convey the judgment

[1]Reported in 158 N. W. 250.

stand as a conveyance. Defendant and his wife did not convey, nor did either of them. *Held* that the judgment was void both as to the wife and the husband.

Action in partition in the district court for Le Sueur county. The facts are stated in the opinion. The case was tried before Morrison, J., who made findings, ordered judgment in favor of plaintiff, and appointed referees to make the partition. Additional findings were made upon the motion of defendant and intervener. The motion of defendant and intervener for a new trial was denied. The report of the referees was approved and judgment in accordance therewith entered. From the decree for partition and the judgment entered pursuant to the order for judgment, defendant and the intervener appealed. Reversed.

*Charles C. Kolars* and *Francis Cadwell,* for appellants.

*Wondra & Helm* and *C. D. O'Brien,* for respondent.

BUNN, J.

This action was brought to obtain a partition of a forty acre tract of land in Le Sueur county. The complaint alleged that plaintiff and defendant Joseph Brokl each owned an undivided half, and that defendant bank owned a mortgage on the land. After the case was at issue Anna Brokl, wife of Joseph, intervened. The decision was in favor of plaintiff, judgment was entered thereon appointing referees to partition the property, the referees made their report allotting to plaintiff the east half and to defendant, Joseph Brokl, the west half of the tract, the report was confirmed by the court, and final judgment entered in accordance therewith. Defendant Joseph Brokl and the intervener appealed from these judgments.

The question is as to plaintiff's title. The land was owned by Wencl Brokl, father of plaintiff and defendant Joseph. December 1, 1910, he conveyed it by warranty deed to Joseph, who with his wife Anna, the intervener, entered into immediate possession, and have ever since resided upon and occupied the premises as their homestead. Plaintiff's claim of title to an undivided one-half rests upon a judgment rendered in February, 1914, in an action brought by him against Joseph Brokl, in which plaintiff claimed an agreement by his father in 1888 to devise to him an

undivided half interest in the land. Anna Brokl, the wife of Joseph, was not made a party to this action, and did not appear therein. The court decreed that plaintiff was entitled to a conveyance of an undivided one-half interest from the defendant Joseph and his wife, and that, upon their failure to convey, the judgment stand as a conveyance. Defendant and his wife refused to convey. Plaintiff has no title unless this judgment is valid.

The land was the homestead of Joseph Brokl and his wife. She was not a party to the action in which the court decreed a conveyance by her husband and herself. The judgment was clearly void as against the wife, and it is almost equally clear that it was void as against the husband. It directed him to do that which the law forbids his doing without his wife joining, to convey the homestead. There was no conveyance, but the judgment was to stand as a conveyance. It was just as much void as the deed of the husband would have been. Barton v. Drake, 21 Minn. 299. Counsel for plaintiff argue that the wife had homestead rights in but an undivided half of the tract, because the court found in the action that the husband owned but an undivided half. But on the face of the records Joseph held the entire title, and the entire property was for many years occupied by him and his wife as their homestead. She was certainly entitled to a hearing on the issue of title so determined against her husband and herself. Our conclusion is that the judgment which forms the sole basis of plaintiff's claim of title was void as to both the intervener and her husband.

The judgments appealed from are reversed, and the case is remanded for a new trial.